## DIXIE MOTOR COACH CORPORATION v. BALL.

No. 4597.

Court of Civil Appeals of Texas. Texarkana.
March 23, 1934.

Rehearing Denied March 29, 1934.

Cunningham & Lipscomb, of Bonham, for appellant.

F. A. Dale and Allen Reed, both of Bonham, for appellee.

JOHNSON, Chief Justice.

The plaintiff, Mrs. Bertha Ball, appellee here, sued the appellant, Dixie Motor Coach Corporation, in the district court of Fannin county for damages on account of alleged personal injuries and injuries to her automobile, alleged to have been sustained June 2, 1931, as the result of a collision between her automobile and defendant's motorbus at a bridge on Highway No. 5, about two miles west of Bells, Tex. Plaintiff was traveling west and the motorbus east. Plaintiff alleged that the collision was caused by the negligence of defendant's driver, particularly in operating the motorbus on the north side of the road at the time. Defendant answered by denial, and specially pleaded contributory negligence on the part of plaintiff in certain particulars stated in defendant's answer. The trial was to a jury. The facts as found by the jury in answer to all special issues submitted are in favor of the plaintiff. After remittitur of certain amounts was filed by plaintiff, the court entered judgment in her favor for the

sum of $2,110.95. From an order of the court overruling its motion for new trial, the defendant has perfected its appeal, and has assigned as error the rulings of the court with respect to excluding certain testimony and admitting certain testimony over the objection of the defendant on the trial of the case.

■ There was an issue between plaintiff and defendant as to the particular point where the cars came together on the road. Plaintiff claimed they collided on the bridge, and the defendant claimed it was off and east of the bridge. Mrs. R. F. Bentle was an occupant of plaintiff's Ford car at the time of the accident, and on direct examination for plaintiff she testified:

"When the bus struck us we were about three or four feet on the bridge, just as close to the north banister as we could get. * * *

"Q. Well, what happened, just tell the jury in your own words. A. Well, I don't know, when it struck us, why, it just tore the car up, you know, almost, and pulled, dragged us back off from the bridge, poured out the oil and water on the bridge and then dragged us back."

And on cross-examination by defendant she testified:

"Q. According to your version, if it hit where you say it hit, it would necessarily have to drag that car back across the bridge, would it not? A. Yes, sir.

"Q. All right, now you examined the ground, there was not a scratch or a scar on that ground anywhere? A. No, sir, I didn't examine nothing.

"Q. You did not see any dragging across there at any place, did you? A. No, sir, I never noticed.

"Q. You didn't see any drag where the rear wheel of that bus got over the south side of that bridge either, did you? A. No, sir, but of course there was where the car was dragged back.

"Q. Did you see any signs, that is what I want to get at—did you see any signs on that dirt or on that bridge, where that Ford had been dragged across?"

The plaintiff objected to the last above question on the ground that it called for a conclusion of the witness. The objection was by the court sustained. The defendant duly excepted, and by appellant's first assignment of error presents the ruling of the court in this respect for review. To further illustrate the point under consideration, we quote the defendant's question propounded to the wit-

ness and the witness' answer to the question, next following the question objected to:

"Q. I will ask you, then, did you notice any marks on the road or bridge at all anywhere near the rear end of the bus? A. No, sir."

We are not of the opinion that the honorable judge was in error in sustaining the objection complained of. The testimony of the witness shows that she had not examined the ground for signs at the point in question, and had not "seen or noticed any signs on the ground of dragging across there at any place"; hence the question necessarily called for an answer involving the conclusion of the witness to be drawn from the facts which she did not know existed, that is, as to whether or not the dragging of the Ford car had caused the signs, if any, on the ground, which signs the witness had not seen or noticed.

By its second assignment of error appellant complains of the ruling of the court made under similar circumstances in sustaining plaintiff's objections to a like question propounded on cross-examination to plaintiff's witness Miss Frankie Roach, also an occupant of plaintiff's car at the time of the collision, and who had on her direct examination testified in substance as did Mrs. R. F. Bentle with respect to the cars having collided on the bridge, but who, also, did not notice any signs on the ground other than the water and oil that ran out of the Ford at the time of the collision. For the reasons above stated this assignment is also overruled.

■ Appellant's third assignment complains of the ruling of the court in permitting G. W. Nunnellee, witness for plaintiff, to testify, over objection of defendant, that "he saw the Ford car the day before the wreck at Halsell Motor Company, and that plaintiff had it in there for us to check it up, check the brakes and adjust it all over, fixing to make a trip, she said." This testimony was offered by plaintiff, presumably, in denial of defendant's allegations that plaintiff's brakes were in bad condition contributing to the accident. The court withdrew all this testimony of the witness from the jury and instructed them not to consider any part of his answer except the fact that witness saw the Ford car at the time stated. The assignment is not well taken and is overruled.

■ By its fourth and fifth assignments of errors appellant complains of the ruling of the court in permitting Clyde Winkler and L. B. Birchfield, the mechanics who went out to drag in the Ford car, to testify for plaintiff, over the objections of defendant, in substance, that they saw a wet spot on the bridge, about one-third the way across the bridge from the east side, about three and a half or four feet from the north side of the bridge. It appears that it was dry, hot weather and the general condition of the road was dry, and it was the contention of the plaintiff that this wet spot was made by the water and oil which ran from her Ford car at the time and place of the collision, and indicated the point where the automobiles came together. It is testified that the wreck occurred about 2 p. m. and that these mechanics did not arrive on the scene until about 3 or 3:30 p. m., being an hour or an hour and a half after the collision. Appellant made objection to their testimony on the ground that the conditions of the scene were not shown to have been the same when the witnesses viewed it, as it was at the time of the collision. We are of the opinion that in the circumstances the testimony was admissible.

■ Appellant's sixth assignment of error complains of the action of the court in permitting W. C. Long, a witness in rebuttal for plaintiff, to testify over objection of the defendant as to the location of certain trees on the north side of the road near the scene of the accident and their effect upon one's view, with respect to a bend in the road. This witness was testifying to what he saw concerning the road and the position of the trees as he viewed them shortly before the trial, which was approximately two years after the collision, and the defendant objected to the testimony for this reason. The testimony was properly offered and admitted in rebuttal of the defendant's witness B. L. Adams, who had previously testified with regard to the same matter from an observation he had made shortly before the trial. It is also pointed out by the appellee that there was evidence in the record that the trees and the road are in their respective positions on the ground as of the day of the collision.

The seventh and eighth assignments of error concern the omission from the record of certain special issues, which omission has been cured by supplemental transcript.

Having examined carefully all appellant's assignments and finding no error presented, the judgment of the trial court is affirmed.